# Matter of Gian

In Deportation Proceedings

A-11569685

*Decided by Board July 2, 1965*

Respondent's conviction by a French criminal court while serving overseas as a member of the United States Army may not serve as a basis for his deportation under section 241(a)(4), Immigration and Nationality Act, since the French court lacks authority to make a binding recommendation against deportation pursuant to section 241(b) of the Act, as amended. [*Matter of N—*, 7 I. & N. Dec. 356, overruled, insofar as it rules that a criminal conviction need not be in the United States to sustain an order of deportation under section 241(a)(4) of the Act.]

CHARGE:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime committed within 5 years after entry and confined for 1 year or more (theft, in violation of the French Penal Code).

The respondent, a native of Egypt, a citizen of France, has been found deportable as one convicted of a crime involving moral turpitude committed within five years after his entry and sentenced to confinement for a year or more, to wit, theft committed on or about October 9, 1960 in violation of the French Penal Code (8 U.S.C. 1251(a)(4)). The case has been certified to the Board of Immigration Appeals for final decision on an issue of law.

The respondent, an unmarried male alien, 23 years of age concedes that he entered the United States through the port of New York on or about December 10, 1958; that he was admitted as an immigrant at that time; that he was convicted in France by a French Court on or about December 22, 1960 for the offense of theft, committed on or about October 9, 1960, and that he was sentenced to 13 months imprisonment by a French court. The respondent, however, denies deportability on the charge stated in the order to show cause.

The case has been certified for final decision because of apparent conflict between this Board's ruling in *Matter of N—*, 7 I. & N. Dec. 356 (BIA, November 23, 1956), and an unreported decision[1] in which we followed a ruling by the Court of Appeals for the Ninth Circuit[2] which holds that a foreign conviction of an alien serving in the United States Army could not serve as a basis for deportation under section 241(a)(4) of the Immigration and Nationality Act.

Our decision in *Matter of N—*, (*supra*), concerned an alien who after admission for permanent residence was sent overseas as a member of the Armed Forces of the United States. He was convicted of the crime of theft by a military court-martial in Germany and was sentenced to be dishonorably discharged, to forfeit all pay and allowances, and to be confined at hard labor for one year in a disciplinary barracks located in Pennsylvania. One of the arguments advanced by counsel was that the conviction to constitute a ground of deportation, must have taken place in the United States. We held that the statute did not require the conviction to be in the United States in order to sustain a charge of deportability under section 241(a)(4) of the Immigration and Nationality Act.

The case of *Gubbels* v. *Hoy* (*supra*, footnote 2), also involved the court-martial conviction of an alien serving in the United States Army. The Court of Appeals for the Ninth Circuit held that the conviction could not serve as a basis for deportation under section 241(a)(4) of the Act because the court-martial did not have the power to make the recommendation against deportation as provided in section 241(b) of the said Act. The court held that the recommendation against deportation was a part of the legislative scheme in relation to a charge under section 241(a)(4) of the Immigration and Nationality Act.

The alien in the *Leyva-Ochoa* case (*supra*, footnote 1) was convicted by a Mexican court of the crime of rape committed within five years of the alien's entry for permanent residence on September 18, 1956. Following *Gubbels* v. *Hoy* (*supra*, footnote 2) we held that the charge laid under section 241(a)(4) could not be sustained because such a charge envisions only convictions occurring in the United States. We said "since the Mexican tribunal is not authorized to make a binding recommendation (against deportation), we must conclude that its judgment may not be used as the basis for

[1] *Matter of Leyva-Ochoa*, A-10705756, December 12, 1963.

[2] *Gubbels* v. *Hoy*, 261 F.2d 952 (C.A. 9, November 14, 1958).

deportation under section 241(a)(4)." (Cf. *Matter of B—*, 7 I. & N. Dec. 166.)

The respondent in the instant case was convicted by a French criminal court while serving overseas as a member of the United States Army. The French court is not authorized to make a binding recommendation against deportation pursuant to section 241(b) of the Immigration and Nationality Act. We conclude, therefore, that a judgment of conviction entered by a French court may not be used as the basis for deportation under section 241(a)(4) of the Immigration and Nationality Act. That portion of our decision in *Matter of N—*, 7 I. & N. Dec. 356, which rules that the criminal conviction need not be in the United States to sustain an order of deportation under section 241(a)(4) of the Immigration and Nationality Act is hereby expressly overruled. An appropriate order terminating the proceedings will be entered.

**ORDER:** The order of deportation entered by the special inquiry officer on March 17, 1965 is hereby withdrawn.

*It is further ordered* that the proceedings under the order to show cause dated December 22, 1964 be and the same is hereby terminated.